IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CARL GENE DUNLAP,

        Defendant.

No. 1:14-cr-00406-AA
No. 1:16-cv-02139-AA

**OPINION & ORDER**

_____

AIKEN, District Judge.

The matter comes before the Court on Defendant Carl Gene Dunlap's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. ECF No. 93. The Court has determined that no hearing is required and the motion is DENIED.

## BACKGROUND

Dunlap was convicted of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) following a jury trial in May 2015. Dunlap had three relevant prior convictions, all in Oregon: (1) a 2001 conviction for Robbery III; (2) a 2004 conviction for Assault III; and (3) a 2013 conviction for Coercion.

At trial, Dunlap was represented by attorney Ronald Howen. For the sentencing stage of the case, Howen was joined by Brian Butler and Elizabeth Dailey of the Oregon Federal Public Defender's Office. After hearing extensive argument by counsel, the Court ruled that Dunlap's conviction for Robbery III was not a violent felony for purposes of the Armed Career Criminal Act (ACCA), but that Dunlap's convictions for Assault III and Coercion were violent felonies

for purposes of the ACCA and "crimes of violence" for purposes of U.S.S.G. § 2K2.1 and 4B1.2. Opinion & Order, ECF No. 88, at 11, 15, 18.

On February 17, 2016, Dunlap was sentenced to 120 months, concurrent with the remaining three months of a prior three-year sentence for Coercion imposed by the Oregon state courts. Dunlap did not file a direct appeal of his sentence.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that the error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). The limitations period runs one year from the latest of four dates: (1) when the judgment of conviction became final; (2) when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; and (4) when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration and emphasis in original) (quoting 28 U.S.C. § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original, internal quotation marks and citation omitted). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see also United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

If a court denies a habeas petition, the court may issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see* 28 U.S.C. § 2253(c)(1). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (internal quotation marks and citation omitted).

## DISCUSSION

Dunlap's motion rests on four grounds: (1) Dunlap asserts that he was not given credit for time served, despite the Court's oral pronouncement that he would receive a concurrent sentence; (2) Dunlap argues that his state court conviction for Coercion is not a "crime of violence" under the sentencing guidelines; (3) Dunlap contends that his conviction for Assault III was not a "crime of violence" because he did not face punishment exceeding one year; and (4) Dunlap's counsel was ineffective for failing to file a direct appeal of Dunlap's sentence.

### I.      Ineffective Assistance of Counsel

Dunlap asserts that counsel was ineffective for failing to file a direct appeal of the Court's sentencing guidelines determinations and by failing to argue that Dunlap should receive credit for time served on his state conviction. Courts use a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Premo v. Moore*, 562 U.S. 115, 121 (2011). Under this test, a defendant must prove that counsel's assistance was deficient and that the deficient performance prejudiced the defense. *Id.*; *see also Schurz v. Ryan*, 730 F.3d 812, 815 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 141 (2014).

To prove the deficiency of counsel's performance, the defendant must show counsel made errors so serious that his "'representation fell below an objective standard of reasonableness'" under prevailing professional norms. *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688.

In assessing whether counsel's performance was deficient, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance' and make every effort 'to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1149 (9th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689). Ultimately, the defendant's "burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

"To satisfy the prejudice prong under *Strickland*, a defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Saesee v. McDonald*, 725 F.3d 1045, 1048 (9th Cir. 2013) (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant[.]" *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

## A. Failure to File a Direct Appeal

Dunlap asserts that his counsel was ineffective for failing to file a direct appeal of the Court's sentencing guidelines determinations. Dunlap's counsel, Ronald Howen, has submitted an affidavit, which the Government has attached as an exhibit to their Response. In his Affidavit, Howen explains that, although the Court's rulings on the sentencing guidelines issues were unfavorable to Dunlap, the Court also ruled that Dunlap's prior conviction for Robbery III was not a predicate conviction for the purposes of the ACCA. Howen and Elizabeth Dailey of the Federal Defender's Officer advised Dunlap of the risk that, if Dunlap should appeal the

Court's guidelines determinations, the Government would cross-appeal the Court's ACCA ruling.[1] Howen and Dailey believed that Dunlap would face a sentence of between 15 and 24 years on remand if the Government were to prevail on the ACCA issue.

Dunlap does not claim that he was not advised of his right to appeal.[2] Nor does Dunlap claim that Howen or Dailey misrepresented his options or gave him bad advice. After sentencing, Dunlap told Howen that he did not wish to appeal his sentence in light of the risks of a cross-appeal. The Court cannot find that counsels' performance was deficient based on their having adhered to Dunlap's decision not to appeal his sentence.

### B. Concurrent Sentencing and Credit for Time Served

Dunlap asserts that he was not properly awarded credit for time served under his concurrent sentence. As a preliminary matter, this is not a challenge to the lawfulness of Dunlap's sentence, but to the Bureau of Prison (BOP)'s calculation of his release date. The Supreme Court has made clear that statements by a district court regarding credit for time served are only recommendations and that it is the responsibility of the Attorney General, acting through the BOP, to compute credit after a defendant has begun to serve his sentence. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *see also United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) ("The district court lacked authority under 18 U.S.C. § 3585(b) to grant [the defendant] credit for the time he had served after his arrest."). If Dunlap wishes to challenge the amount of credit he received against his current sentence for time spent in federal custody, he must pursue that issue in the first instance through the BOP administrative remedy process. To

---

[1] In the course of preparing for sentencing, Howen expressed difficulty with keeping abreast of the evolving state of ACCA case law and sought the assistance of Elizabeth Dailey and Brian Butler of the Federal Defender's Office. Howen's decision to seek help from the Federal Defender's Office reflects counsel's clear-sighted understanding of his own limitations and a willingness to take the steps necessary to provide effective advocacy. Dunlap does not allege that Dailey or Butler lacked expertise in ACCA or sentencing guidelines litigation or that they failed to provide Dunlap with effective assistance. The record reflects that the combined efforts of counsel provided Dunlap with excellent representation.

[2] The Court advised Dunlap of his appeal rights at the time of sentencing. Tr. 34, ECF No. 100.

the extent that Dunlap claims that he was denied effective assistance of counsel with respect to the issue at sentencing, the Court shall address that claim here.

Dunlap was brought into federal jurisdiction on a writ of habeas corpus *ad prosequendum*. ECF Nos. 5, 6. He was serving a three-year prison sentence for Coercion based on his conviction in Jackson County Circuit Court case number 13CR01163. Dunlap's Coercion conviction was unrelated to his federal offense, except insofar as the fact of conviction increased his base offense level and criminal history. Dunlap was scheduled to be released from state custody on May 11, 2016. Tr. 4, ECF No. 100. The Government asked that Dunlap's federal sentence be made consecutive with the remainder of his state sentence, which would have resulted in approximately three additional months of incarceration. Tr. 4. Dunlap, through counsel, argued against the imposition of a consecutive sentence. Tr. 15. The Court ruled that Dunlap's federal sentence would be served "concurrent with the time in the state case." Tr. 33. The Court did *not* rule that Dunlap would receive credit for the time he had previously served in state custody on the unrelated Coercion conviction, nor did the Court reduce Dunlap's federal sentence to account for the time already served on the state sentence.

The Ninth Circuit has held that "[w]hen an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (internal quotation marks and citation omitted). When calculating "time served" on federal sentence, a defendant is not entitled to be credited for time served in state custody on a state conviction. *Raines v. U.S. Parole Comm'n*, 829 F.2d 840, 843 (9th Cir. 1987). A federal sentence begins on the date a defendant is "received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official

detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). For purposes of

calculating a term of imprisonment, federal law provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charges for which the defendant was arrested after the commission of the offenses for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

If a term of imprisonment is imposed on a defendant who is already subject to an

undischarged term of imprisonment, the sentence runs consecutively unless the court orders that

the terms are to run concurrently, or partially concurrently, to the prior undischarged term of

imprisonment. 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(d).

In this case, the BOP began calculating Dunlap's sentence on February 17, 2016, the date

of his federal sentencing.[3]  Gov't Resp. Ex. 1, at 3, ECF No. 105. The time Dunlap spent in

custody awaiting disposition of his federal charges was credited against the undischarged term of

his state sentence for Coercion. Consistent with 18 U.S.C. § 3585(b), it was not credited to his

federal sentence. The Court did not err in ruling that Dunlap's federal sentence would run

concurrent with the undischarged portion of his state sentence.

In his Reply, Dunlap appears to assert that counsel was ineffective for failing to argue

that Dunlap should receive credit for the time he served in custody on the state conviction prior

to his federal sentencing, pursuant to § 5G1.3(b). Section 5G1.3(b) provides that if:

---

[3] Dunlap received credit for the period between January 14, 2014, and September 3, 2014. Gov't Resp. Ex. 1, at 3. BOP policy allows double counting of this time as "*Willis* credits," pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).

. . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. 5G1.3(b) (2015).[4] Application note 2(B) provides further clarification:

Subsection [5G1.3](b) does not apply in cases in which the prior offense was not relevant conduct to the instant offense under § 1B1.3(a)(1), (a)(2), or (a)(3) (e.g., . . . the prior offense was a crime of violence for which the defendant received an increased base offense level under § 2K2.1 . . . ).

*Id.* cmt. n.2(B).

Here, the Court ruled that Dunlap's conviction for Coercion was a crime of violence for the purposes of § 2K2.1 and that the conviction increased Dunlap's base offense level, despite counsels' vigorous argument to the contrary. *See* Opinion & Order, at 15-18. Application note 2(B) of § 5G1.3 made it clear that § 5G1.3(b) did not apply in this case because Dunlap's Coercion conviction was not relevant conduct under § 1B1.3. *See United States v. Fifield*, 432 F.3d 1056, 1062-63 (9th Cir. 2005) (applying application note 2(B) of § 5G1.3 to determine that the fact of the defendant's prior conviction was not relevant conduct under § 1B1.3 for purposes of § 5G1.3(b)). The Court also notes that, as in *Fifield*, the conduct underlying Dunlap's conviction for Coercion was not even arguably relevant conduct with respect to the instant offense. *Id.* Any potential argument about the application of § 5G1.3(b) was foreclosed by the Court's ruling that Coercion was a crime of violence under § 2K2.1. As discussed above, the

---

[4] U.S.S.G. § 5G1.3 was amended in November 2016.

Court's decision to impose Dunlap's federal sentence concurrent to the undischarged remainder of his state sentence was governed by § 5G1.3(d).

The Court concludes that counsels' performance at sentencing was not deficient, nor has Dunlap made a sufficient showing of prejudice. On the contrary, Howen successfully argued that Dunlap should receive a concurrent sentence for the balance of Dunlap's prior state sentence for Coercion, effectively reducing Dunlap's total period of incarceration by three months.

## II. Procedural Default

The Government argues that Dunlap's claims regarding the application of the sentencing guidelines are procedurally defaulted because Dunlap did not raise them on direct appeal. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006) ("The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review."). Federal habeas review is not a substitute for direct appeal. *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007). A petitioner who challenged his sentence under § 2255 without first raising his claim on direct appeal procedurally defaults the claim. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). A petitioner may overcome procedural default and raise the claim in a habeas petition "'only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent.'" *Braswell*, 501 F.3d at 1149 (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

> The "cause and prejudice" test for excusing the failure to raise a claim on direct appeal will apply, for example, where the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal or where interference by officials may have prevented the claim from being brought earlier. If a petitioner succeeds in showing cause, the prejudice prong of the test requires demonstrating not merely that the errors at trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.

*Braswell*, 501 F.3d at 1150 (internal quotation marks, alterations, and citations omitted, emphasis in original).

In this case, Dunlap's claims are procedurally defaulted because he did not raise them in a direct appeal of his sentence. Dunlap fails to show cause to set aside the procedural default. His claims are not based on novel issues of law or fact. They are issues that were argued and ruled upon during the sentencing phase of the case. *See* Opinion & Order at 15-18 (Coercion is a crime of violence under the guidelines), 18-19 (Oregon Class C felony convictions are "punishable by imprisonment for a terms exceeding on year" for purposes of the guidelines). Nor was Dunlap prevented from raising his claims on direct appeal by the ineffective assistance of counsel. Indeed, as discussed in the previous section, Dunlap was advised of possible grounds for appeal and he directed counsel not to appeal his sentence after weighing the risk of a counter-appeal. Furthermore, the Court concludes that Dunlap has not made a sufficient showing of actual prejudice.[5] Nor does Dunlap argue that is he actually innocent. The Court therefore concludes that Dunlap cannot overcome the procedural default of his guidelines claims.

---

[5] At the time of sentencing, the Court accepted that the residual clause of U.S.S.G. § 4B1.2 was unconstitutionally vague and, like the ACCA residual clause, had been invalidated by the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). *See* Opinion & Order at 2-3, n.2. The Supreme Court has since clarified that the § 4B1.2 residual clause is not susceptible to vagueness challenges under the Due Process Clause and that, as a consequence, the holding of *Johnson* does not reach § 4B1.2. *Beckles v. United States*, ___ U.S. ___,137 S.Ct. 886, 897 (2017). As the Court has found Dunlap's claims to be procedurally defaulted, the Court will not inquire into the ramifications of the *Beckles* decision as they apply to Dunlap.

## CONCLUSION

For the reasons discussed above, Defendant Carl Gene Dunlap's Motion to Vacate or Correct Sentence, ECF No. 93, is DENIED. The Court declines to issue a certificate of appealability on the basis that the petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c).

It is so ORDERED and DATED this _24th_ day of October, 2017.

_____
ANN AIKEN
United States District Judge